UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Paul LeBlanc,<br><br>　　　　　Plaintiff,<br>　v.<br><br>GE Capital Retail Bank,<br><br>　　　　　Defendant. | : Civil Action No.: 3:14-cv-00109<br>:<br>: COMPLAINT<br>:<br>: January 29, 2014 |

For this Complaint, the Plaintiff, Paul LeBlanc, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendant.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Paul LeBlanc ("Plaintiff"), is an adult individual residing in Tampa, Florida, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant GE Capital Retail Bank ("GE"), is a business entity with an address of 260 Long Ridge Road, Stamford, Connecticut 06927, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. Beginning on or around January 2013, GE placed calls to Plaintiff's cellular telephone, number 813-xxx-0163.

7. At all times mentioned herein, GE called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8. When Plaintiff answered the calls from GE, he would experience a brief moment of silence until a live representative would connect on the line.

9. On several occasions, Plaintiff informed GE that he did not know of anyone by the name of "David Mack" and that GE was placing calls to the wrong telephone number.

10. Additionally, Plaintiff requested that GE cease all calls to his cellular telephone.

11. Despite GE's knowledge that they were placing calls to the wrong number, GE placed numerous subsequent ATDS calls to Plaintiff's cellular telephone.

12. Upon information and belief, Plaintiff never provided his consent to GE to be contacted on his cellular telephone and has no prior business relationship with GE.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2

14. At all times mentioned herein and within the last four years, GE called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16. GE's telephone systems have some earmarks of a predictive dialer. Often times when Plaintiff answered the phone, he was met with a period of silence before he would be connected with a live representative of GE.

17. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Plaintiff did not provide his consent to be contacted on his cellular telephone, and in fact instructed GE to cease calling his cellular telephone.

19.     GE continued to place automated calls to Plaintiff's cellular telephone after being advised by Plaintiff that they were calling the wrong telephone number and knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20.     The telephone number called by GE was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.     The calls from GE to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     Each of the aforementioned calls made by GE constitutes a violation of the TCPA.

23.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of

another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27. Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Connecticut state law.

28. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home.

29. The telephone calls made by the Defendant to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

30. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

32. All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, *et seq.*

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Defendant is a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

35. The Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

36. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

**Dated: January 29, 2014**

                                              **Respectfully submitted,**

                                              **By   /s/ *Sergei Lemberg***

**Sergei Lemberg, Esq.**
**LEMBERG LAW L.L.C.**
**1100 Summer Street, 3rd Floor**
**Stamford, CT 06905**
**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiff**