UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Paul LeBlanc,<br><br>                Plaintiff,<br>  v.<br><br>GE Capital Retail Bank,<br><br>                Defendant. | Civil Action No.: 3:14-cv-00109<br><br>FIRST AMENDED COMPLAINT<br><br>May 30, 2014 |

For this First Amended Complaint, the Plaintiff, Paul LeBlanc, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA)

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

3. The Plaintiff, Paul LeBlanc ("Plaintiff"), is an adult individual residing in Tampa, Florida, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant GE Capital Retail Bank ("GE"), is a business entity with an address of 260 Long Ridge Road, Stamford, Connecticut 06927, and is a "person" as defined by 47 U.S.C. § 153(10).

**FACTS**

5. Beginning on or around January 2013, GE placed calls to Plaintiff's telephone,

    number 813-xxx-0163.[1]

6. Plaintiff's telephone number is a MetroPCS wireless number.

7. Among the dates and times that Defendant called Plaintiff's cellular number are as follows:
   - September 26, 2013 at 11:07 am
   - September 27, 2013, at 11:07 am
   - September 28, 2013, at 10:13 am
   - September 29, 2013 at 6:16 pm
   - September 30, 2013 at 8:06 am and 8:52 am
   - September 30, 2013, at 6:12 pm
   - October 4, 2013, at 8:44 am

8. When Plaintiff answered the calls from GE, he would experience a brief moment of silence, hear a click or a telephone switch transfer, and then a live representative would connect on the line.

9. Calls also used a prerecorded or artificial voice that asked the Plaintiff to press "1" if he was a "David Mack" and press "2" if he was not.

10. On several occasions, Plaintiff informed GE that he did not know of anyone by the name of "David Mack" and that GE was placing calls to the wrong telephone number.

11. Additionally, Plaintiff requested that GE cease all calls to his cellular telephone.

12. Despite GE's knowledge that they were placing calls to the wrong number,

---

[1] Plaintiff's number is partially redacted for privacy considerations.

**GE placed numerous subsequent calls to Plaintiff's cellular telephone.**

**13.    Plaintiff never provided his consent to GE to be contacted on his cellular telephone concerning Mr. David Mack.**

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

**14.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**15.    At all times mentioned herein and within the last four years, GE called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.**

**16.    In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.**

**17.    GE's telephone systems have some earmarks of a predictive dialer. Often times when Plaintiff answered the phone, he was met with a period of silence and clicks before he would be connected with a live representative of GE.**

18. On one occasion, Plaintiff was transferred to a representative until the representative was mid-word in her introduction and Plaintiff was greeted with a "…lo". This is indicative of a predictive dialer transferring a call to a live representative.

19. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Plaintiff did not provide his consent to be contacted on his cellular telephone, and in fact instructed GE to cease calling his cellular telephone.

21. GE continued to place automated calls to Plaintiff's cellular telephone after being advised by Plaintiff that they were calling the wrong telephone number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

22. The telephone number called by GE was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. The calls from GE to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24. Each of the aforementioned calls made by GE constitutes a violation of the TCPA.

25. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 30, 2014

Respectfully submitted,

By  */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that on this, the thirtieth day of May, 2014, I electronically filed the foregoing through the CM/ECF system which sent notice of such filing to the following:

**Laura J. Babcock, Esq.**
**ZEICHNER ELLMAN & KRAUSE LLP**
**35 Mason Street**
**Greenwich, Connecticut 06830**
*Attorney for Defendant*

                   */s/ Sergei Lemberg*
                   **Sergei Lemberg**