UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| Paul LeBlanc, | : |
|  | : |
| Plaintiff, | : Civil Action No.: 3:14-cv-00109 |
| v. | : |
|  | : |
| GE Capital Retail Bank, | : |
|  | : |
| Defendant. | : |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

Paul LeBlanc submits this Memorandum in Response to the Motion by Defendant GE Capital Retail Bank ("GE"), to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion").

In this action, Mr. LeBlanc seeks relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") which makes it unlawful to make any call "using any automatic telephone dialing system **or** an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 41 U.S.C. § 227(b)(1)(A)(iii) (emphasis supplied).  In plain terms, Plaintiff alleges that 1) he received calls from GE to his MetroPCS wireless number, 2) such calls used a prerecorded or artificial voice that asked him to confirm or deny that he was a "David Mack" 3) or the calls would begin with a period of silence, then a clicking sound before an actual human would appear on the phone, and 4) Plaintiff in no way consented to the calls.

GE complains that Plaintiff merely parrots the wording in the statute therefore dismissal is warranted.  GE is wrong; the complaint sets forth facts detailing Plaintiff's number, the date

1

and time of calls, the contents of the prerecorded message.  GE cites *Clayton v. Aaron's Inc.*, 2013 WL 3148174, *3 (E.D. Va., June 19, 2013) and *Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 87 (D. Mass. 2013) for the general proposition that "well-pled allegations of an ATDS ["Automatic Telephone Dialing System"] rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an that an ATDS was used" (*Jones*, 978 F. Supp. at 86-87) while, at the same time, GE ignores the actual allegations in the amended complaint as to the content of the messages or calls, the context in which it was received, and the existence of multiple messages.[1]

GE appears to suggest that the appropriate pleading standard for a TCPA claim requires that the Plaintiff allege the actual name of the system being used to place the calls and insert in depth technical specifications or architecture schematics into his complaint.  However, Plaintiff is not GE and does not have access to that information.  Moreover, such standard would bar the court door to aggrieved persons who are not in possession of the technical schematics of GE's call center.  Plaintiff's burden is to allege facts that raise a plausible claim.  Plaintiff has surpassed this burden and the Motion to Dismiss should be denied.

## **FACTS**

Plaintiff Paul LeBlanc ("Plaintiff") is an adult individual residing in Tampa, Florida. (First Amended Complaint, ¶ 3).  Defendant GE Capital Retail Bank ("GE") is a business entity residing in Stamford, Connecticut. (*Id.* ¶ 4).  In or around January 2013, GE placed calls to Plaintiff's telephone, numbered 813-xxx-0163. (*Id.* ¶ 5).  Plaintiff's telephone number is a MetroPCS wireless number. (*Id.*¶ 6).  Among the dates and times that Defendant called Plaintiff's cellular number are:

---

[1] While not required to do so at this stage, it is noteworthy that GE does not deny using ATDS or prerecorded voices and messages or insinuate that Plaintiff's allegations are incorrect.

- September 26, 2013 at 11:07 am;

- September 27, 2013, at 11:07 am;

- September 28, 2013, at 10:13 am;

- September 29, 2013 at 6:16 pm;

- September 30, 2013 at 8:06 am and 8:52 am ;

- September 30, 2013, at 6:12 pm; and

- October 4, 2013, at 8:44 am.

(*Id*. ¶ 7). When Plaintiff answered the calls from GE, he would experience a brief moment of silence, hear a click or a telephone switch transfer, and then a live representative would connect on the line. (*Id* ¶ 8). On one occasion, Plaintiff was transferred to a representative while the representative was mid-word in her introduction and Plaintiff was greeted with a "…lo." (*Id* ¶ 18). This is indicative of a predictive dialer transferring a call to a live representative. Calls also used a prerecorded or artificial voice that asked the Plaintiff to press "1" if he was a "David Mack" and press "2" if he was not. (*Id*. ¶ 9). On several occasions, Plaintiff informed GE that he did not know of anyone by the name of "David Mack" and that GE was placing calls to the wrong telephone number. (*Id*. ¶ 10). Additionally, Plaintiff requested that GE cease all calls to his cellular telephone (*Id*. ¶ 11). GE placed numerous subsequent calls to Plaintiff's cellular telephone. (*Id.* ¶ 12). Plaintiff never provided his consent to GE to be contacted on his cellular (*Id*. ¶ 13).

## ARGUMENT

**I. LEGAL STANDARD**

"[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving

a contest regarding its substantive merits." *Doe No. 1 v. Knights of Columbus,* 930 F. Supp. 2d 337, 348 (D. Conn. 2013) (*quoting Halebian v. Berv,* 644 F.3d 122, 130 (2d Cir. 2011)). "We consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills,* 572 F.3d 66, 71 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Allison v. Round Table Inv. Mgmt. Co., LP*, 447 F. App'x 274, 275 (2d Cir. 2012) (*citing Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted)).

"Plausible" does not mean "pled with particularity," as the Supreme Court specifically noted:

> we do not apply any "heightened" pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished " 'by the process of amending the Federal Rules, and not by judicial interpretation.' "*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)).

*Twombly*, 550 U.S. at 569 n.14. Therefore, *Twombly* "do[es] not require heightened fact pleading of specifics," and notice pleading under Fed. R. Civ. P. 8 remains the rule. *Id.* at 570; *see also Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir. 2008) ("After considering these and several other mixed signals in *Twombly,* this Court concluded in *Iqbal* that the Supreme Court 'is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."').

## II.    ELEMENTS OF A TCPA CLAIM

To plead a TCPA claim, "Plaintiff needs only to allege two things: (1) that a cellular phone was called; (2) via an ATDS" or prerecorded voice. *Mashiri v. Ocwen Loan Servicing, LLC*, 2013 WL 5797584, *5 (S.D. Cal., Oct. 28, 2013); *Robbins v. Coca-Cola-Co.*, 2013 WL 2252646, *2 (S.D. Cal., May 22, 2013); *see also Asher & Simons, P.A. v. j2 Global Canada, Inc.*, 2013 WL 4735702, *5 (D. Md., Aug. 28, 2013) *on reconsideration in part,* 2013 WL 5645354 (D. Md., Oct. 16, 2013) (considering elements of similar TCPA claim arising from unlawful facsimile transmission).[2]

## III.    THE AMENDED COMPLAINT PLEADS TCPA VIOLATIONS

### A.  Plaintiff Alleges GE Called His Cellular Phone

Plaintiff alleges that, "[i]n or around January 2013, GE began placing calls to Plaintiff's cellular telephone, number 813-xxx-0163." (First Amended Complaint ¶ 5). The 0163 number is assigned to MetroPCS wireless. (*Id*. ¶ 6). Plaintiff alleges GE called him multiple times. (*Id*. ¶ 7). Thus, the first element of the claim is satisfied.

### B.  Plaintiff Alleges that GE Called With an ATDS or a Prerecorded or Artificial Voice

The TCPA prohibits certain calls made with an ATDS or prerecorded voices. Plaintiff sufficiently alleges both.

First, the complaint states GE's calls used an automated and prerecorded prompt. (First Amended Complaint ¶ 9). Plaintiff alleges the contents of the recording. (*Id*.). GE is on notice and is free to admit or deny it uses prerecorded voices or messages. However, GE's claim that

---

[2] Lack of "prior express consent of the called party" is not an element of Plaintiff's case in chief, rather "express consent" is an "affirmative defense for which the defendant bears the burden of proof." *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600, n.1 (9th Cir. 2011) (*citing* 23 F.C.C.R. 559, 565 (Jan. 4, 2008) ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.")).

Plaintiff has not pled sufficient facts to support a TCPA claim is meritless; the description of the prerecorded calls alone defeats GE's motion.

Second, the factual description of the calls supports a reasonable and plausible inference of ATDS use. Plaintiff is not GE, does not have access to its internal business operations and, therefore, must allege facts from which it may be inferred that an ATDS was used. *Gragg v. Orange Cab Co., Inc.,* 2013 WL 195466, *2 n.3 (W.D. Wash., Jan.17, 2013) ("Plaintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized. Prior to the initiation of discovery, courts cannot expect more.").

Here, Plaintiff's allegations, in addition to the automated messages, support the inference. On one occasion, he was transferred to an agent who was mid-word when they came online. (First Amended Complaint ¶ 18). That is indicative of automated calls because a live human placing a call would not begin speaking before the line connects. Plaintiff would also experience a period of silence when picking up the phone followed by a click and then a live person would come on the line. This is indicative of a predictive dialer (an ATDS under the TCPA) which dials numbers and, if someone answers the phone, routes the call to a representative. *See generally Echevvaria v. Diversified Consultants, Inc.,* 2014 WL 929275, *6 (S.D.N.Y., Feb. 28, 2014). This also explains how the representative would come onto the line mid-word. The factual circumstances of the calls indicate ATDS which the Defendant is on notice of and free to admit or deny.

In its motion, Defendant cites a litany of cases in support of its contention that insufficient specificity as to the nature of the dialer would violates *Twombly* standard. However,

none of the cases contain he factual detail of Plaintiff's complaint here nor do those cases actually require litigants to allege the precise type and specifications of the dialer at the complaint stage.  All the cases Defendant cited took issue with plaintiffs who failed to describe, at least in their own terms, what led them to believe defendants were using predictive dialers or prerecorded or artificial voices.  That did not occur here.  Plaintiff went into detail specifying the nature of his experiences answering calls from Defendant, and even citing a specific conversation and recording.  Defendant fails to cite any statutory or precedential evidence that plaintiffs should, or are even able to, gather more detailed technical information concerning the capabilities of defendants telephonic systems before discovery.  At the complaint stage, plaintiffs can only present their own experience and general allegations about the nature of a defendant's practices.   It is at the discovery stage that such detailed technical information becomes available to plaintiffs, and it is only then that it is appropriate to request such level of detail.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.  Should the Court find the Amended Complaint lacking, Plaintiff respectfully requests leave to amend his complaint.

Dated: June 20, 2014                            Respectfully submitted,

By:   *Sergei Lemberg*
      Sergei Lemberg, Esq.
      LEMBERG LAW LLC
      1100 Summer Street, 3rd Floor
      Stamford, Connecticut 06905
      Telephone: (203) 653-2250
      Facsimile:  (203) 653-3424
      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this, the twentieth day of June, 2014, I electronically filed the foregoing through the CM/ECF system which sent notice of such filing to the following:

Laura J. Babcock, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
35 Mason Street
Greenwich, Connecticut 06830
*Attorney for Defendant*

                                                */s/ Sergei Lemberg*
                                                Sergei Lemberg